UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN WALDRON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-75-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Stephen Waldron to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court will instruct movant to show cause why this action should not be dismissed as time-barred.

After pleading guilty to distribution of heroin, distribution of heroin to a person under the age of twenty-one, maintaining a drug-involved premises, and possession with intent to distribute heroin, movant was sentenced on December 11, 2012, to 168 months' imprisonment and six years of supervised release. Movant did not appeal. In the instant action, movant alleges that he is actually innocent, because his conviction and sentence are invalid under the United States Supreme Court's decision in *Burrage v. United States*, 134 S.Ct. 881 (2014) (defendant cannot be held liable under penalty enhancement provision of Controlled Substance

Act where use of drug distributed by defendant was not independently sufficient cause of victim's death). In addition, movant asserts claims of ineffective assistance of counsel, and he argues that his guilty plea was not knowingly and intelligently made. The instant motion to vacate was signed on December 21, 2015, and was filed in this Court on January 20, 2016.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and subject to summary dismissal. Movant's conviction became final on about December 26, 2012, fourteen days after his December 11, 2012 sentencing; however, he did not sign the instant motion to vacate until December 20, 2015. Thus, it appears that this action is untimely. *See* Fed.R.App.P. 4(b)(1)(A); 28 U.S.C. § 2255(f)(1,4); *Anjulo-Lopez v. U.S.*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (citing *Moshier v. U.S.*, 402 F.3d 116, 118 (2d Cir. 2005).

Movant asserts that his motion to vacate should be considered timely, because the Supreme Court's decision in *Burrage* announced a new rule that was made retroactively applicable to cases on collateral review, pursuant to the United States Court of Appeals for the Eighth Circuit's holding in *Ragland v. United States*, 784 F.3d 1213 (2015). *See* 28 U.S.C. § 2255(3). As such, according to movant, the period for filing his § 2255 motion was extended. Movant contends that it is the 2015 date of the Eighth Circuit's *Ragland* opinion that started the running of his one-year limitations period, and therefore, the instant action is actually timely.

Movant's argument is without merit. In *Dodd v. United States*, 545 U.S. 353, 357, 360 (2005), the Supreme Court held that the one-year limitation period for filing a motion to vacate based on a newly-recognized right ran from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right was made retroactively applicable. *Burrage* was decided on January 27, 2014; however, the instant motion was not even signed until December 2015, well after the one-year limitations period had expired. As such, the instant action appears to be untimely.

Before taking any further action, the Court will order movant to show cause why this action should not be dismissed as time-barred.

Respondent will not be ordered to respond to the motion to vacate at this time. Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause in writing within thirty (30) days of the date of this Order why his 28 U.S.C. § 2255 motion to vacate should not be dismissed as time-barred. If movant fails to comply, the Court will dismiss this action as untimely.

Dated this 22nd day of January, 2016.

*Audrey G. Fleissig*
**UNITED STATES DISTRICT JUDGE**