UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN WALDRON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:16-CV-75-AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of movant's response to this Court's January 22, 2016 Memorandum and Order, instructing him to show cause why the Court should not dismiss the instant motion to vacate, set aside, or correct sentence as time-barred [Doc. #5]. Having carefully reviewed the response, the Court concludes that movant's arguments are without merit, and the instant action is time-barred under 28 U.S.C. § 2255(f).

In his response to show cause, movant states that he "was held in St. Louis City Justice Center for an extended period of time to answer state charges for other offenses." He further states that he "did not arrive at FCI Forest City until March 11, 2014." Movant complains that during this entire time, he "was not afforded any access to a law library and his request to his attorney about filing an appeal

was met with stiff opposition by the attorney." Movant states that after arriving at Forest City, he "diligently pursued an appeal." He asks the Court to grant him equitable tolling due to the "unavoidable delay, due to circumstances beyond his control, as it took a considerable amount of time in order . . . to obtain not only the Sentencing Transcript but a copy of the plea agreement as well." In addition, movant "avers that [the] Plea Agreement contains a conflict of interest."

The Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations is mandatory. Equitable tolling of this time period in order to file a petition for writ of habeas corpus in federal court requires "extraordinary circumstances." Movant's claims relative to the untimeliness of this case simply do not establish extraordinary circumstances required for tolling, even assuming his contentions to be true. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an

unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"). Moreover, attorney negligence does not warrant equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007). Finding no grounds for equitable tolling, the Court will dismiss this action as time-barred.

Therefore,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to respondent, because the instant 28 U.S.C. § 2255 motion is time-barred.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of March, 2016.

                                                /s/ Audrey G. Fleissig
                                         UNITED STATES DISTRICT JUDGE